PATRICK D. ROBBINS (CABN 152288)
Acting United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

MAYA KARWANDE (CABN 295554)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7200
FAX: (415) 436-7236
Maya.Karwande@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JHALIN SEKAI JOHNSON,<br><br>Defendant. | **CASE NO. 4:23-CR-00304-PCP**<br><br>**UNITED STATES SENTENCING MEMORANDUM**<br><br>Judge: Hon. Casey P. Pitts<br>Sentencing Date: April 23, 2025<br>Time: 10:00 A.M. |

## I. INTRODUCTION

The dangerousness of Johnson's fentanyl dealing and the need to deter future criminal conduct warrants a custodial sentence. Considering the nature of the conduct, as well as the defendant's characteristics, acceptance of responsibility, and efforts at rehabilitation, the government respectfully recommends a below-guidelines sentence of 12 months' and a day custody followed by 3 years' supervised release with an expanded search condition, and forfeiture.

## II. PROCEDURAL POSTURE

[redacted]

On September 13, 2023, Johnson was charged by Information with one count of distribution of fentanyl in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(c). PSR ¶ 1. On October 4, 2023, Johnson pleaded guilty to the charge pursuant to a standard plea agreement. PSR ¶ 2.

Following his plea, Mr. Johnson was referred to pretrial services for a CAP evaluation. Because Mr. Johnson had a pending state child endangerment charge related to his son's fentanyl poisoning, he was not admitted to the CAP program. The absence of other pending charges is one of the eligibility requirements of the program. When Pretrial Services initially evaluated Mr. Johnson for CAP, the evaluating officer was unaware of the pending state charge.

Counsel for Mr. Johnson submitted a proposal for additional conditions of pretrial release to support Mr. Johnson's rehabilitation following his competition of residential treatment at New Bridge. The Court accepted the conditions and deferred sentencing. The Court made clear that conditions were not a substitute for CAP or a guarantee of a particular outcome at sentencing.

## III. FACTUAL BACKGROUND

In 2022, Mr. Johnson was dealing fentanyl-laced M30 pills. At the time, Mr. Johnson was on probation for state drug convictions and domestic battery. PSR ¶¶ 44-46, 48. Mr. Johnson sold to a Confidential Source (CS) as well as an undercover law enforcement agent (UC). *Id.* ¶¶ 8-23. Mr. Johnson knew that fentanyl was particularly dangerous, telling the CS that he had to be careful "especially with these." PSR ¶ 18. Mr. Johnson sold fentanyl-laced M30 pills three different times over a period of six months. In total, Mr. Johnson sold 280 M30 pills to law enforcement and had additional pills on hand. Each of those pills contained potentially lethal quantities of fentanyl. Mr. Johnson kept the pills at his residence, where his infant son also resided.

On December 28, 2022, Johnson's son was exposed to fentanyl and became unresponsive. When the paramedics arrived, the baby was breathing but unresponsive. Mr. Johnson suggested using Narcan. Luckily, the baby was revived. *Id.* ¶¶ 24-26.

## IV. SENTENCING GUIDELINES CALCULATION

The parties and Probation agree with the following Guidelines calculation:

| | | |
|---|---|---|
| a. | Base Offense Level (U.S.S.G. § 2D1.1(c)(10)):<br>(*At least 24 grams but less than 32 grams of fentanyl*) | 20 |
| b. | Specific Offense Characteristic (U.S.S.G. § 2D1.1(b)(18)) | -2 |
| c. | Acceptance of Responsibility (U.S.S.G. § 3E1.1(a) and (b)): | -3 |
| d. | Total Offense Level | 15 |

Probation submitted the final PSR on February 12, 2025. Probation calculated that Mr. Johnson has three criminal history points, resulting in a criminal history category of II. PSR ¶ 47. The PSR notes that Mr. Johnson's child endangerment case was still pending in Monterey County at the time. According to the public court docket, it appears the sentencing hearing was held on December 17, 2024 and it appears a transfer of jurisdiction hearing was held on April 3, 2025. *See* The People of the State of California vs. Johnson, Jhalin Sekal, 22CR011200, https://portal.monterey.courts.ca.gov/case/MjJDUjAxMTIwMA==#hearings, accessed April 16, 2025. Undersigned counsel was informed by the Monterey District Attorney that handled the case that Mr. Johnson was sentenced to a period of probation.[1] Under U.S.S.G.§ 4A1.1(c), one point should be added to Mr. Johnson's criminal history category score for this prior sentence, resulting in a criminal history score of 4 and a criminal history category of III.

An Offense Level of 15 and Criminal History Category III results in a Guidelines range of 24-30 months imprisonment.

## V. GOVERNMENT'S SENTENCING RECOMMENDATION

### A. Legal Standard

The Court should impose a sentence sufficient, but not greater than necessary, to reflect the purposes of sentencing that Congress identified in 18 U.S.C. § 3553(a)(2). *United States v. Carty*, 520

[1] The government is obtaining the records and expects to have them before sentencing.

F.3d 984, 991 (9th Cir. 2008). The Court should begin by calculating the correct sentencing range under the Sentencing Guidelines. *Id.* The Guidelines are "the 'starting point and the initial benchmark,'" *United States v. Ellis*, 641 F.3d 411, 415 (9th Cir. 2011) (quoting *United States v. Kimbrough*, 552 U.S. 85, 108 (2007)), and the Court should "remain cognizant of them throughout the sentencing process." *United States v. Gall*, 552 U.S. 38, 50 n.6 (2007). After determining the appropriate Guidelines calculations, the Court should then evaluate the sentence for substantive reasonableness in light of the factors set out in Section 3553(a). *Carty*, 520 F.3d at 991-93. Here, the most important considerations are the nature and circumstances of the offense, the history and characteristics of the defendant, the need to afford adequate deterrence, and the need to avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(6).





**C. A custodial sentence of 12 months' and a day is sufficient but not greater than necessary.**

The government agrees with Probation's recommendation for a downward variance to 12 months and a day. Mr. Johnson was a fentanyl addict and a fentanyl dealer. The danger of Mr. Johnson's conduct is painfully exemplified by the overdose of his infant son. Thankfully, his son survived and Mr. Johnson has entered drug treatment. The success that Mr. Johnson has had since entering court-ordered drug treatment is important and should be considered as a mitigating factor.

At the same time, some custodial sentence is important given the nature of the conduct and its dangerousness. Mr. Johnson has not spent significant time in custody on any of his prior convictions. A sentence of 12 months and a day would appropriately punish and deter Mr. Johnson without jeopardizing the progress he has made to stay sober, obtain employment, and go to school.

## VI. CONCLUSION

The United States respectfully requests that this Court impose a sentence of 12 months' imprisonment, followed by three years' supervised release that include the expanded search condition, forfeiture, and a mandatory $100 special assessment.

DATED: April 16, 2025

Respectfully submitted,

PATRICK D. ROBBINS
Acting United States Attorney

*/s/ Maya Karwande*

MAYA KARWANDE
Assistant United States Attorney